UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4609

DAVID MITCHELL BARKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-98-5)

Submitted: March 30, 1999

Decided: April 22, 1999

Before WIDENER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William J. Rogers, WILLIAM J. ROGERS, P.C., Staunton, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony
P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David M. Barker pled guilty to one count of possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West Supp. 1999), and the district court imposed a 180 month sentence. Barker's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the following issue: "Did the District Court err in concluding that prior convictions from a single trial may be counted separately for purposes of sentencing enhancement under 18 U.S.C.A. § 924(e)." (Appellant's Brief at 1). Although informed of his right to file a supplemental brief, Barker has not done so. Because our review of the record reveals no reversible error, we affirm.

In February 1998 a federal grand jury indicted Barker on one count of violating 18 U.S.C. § 922(g), and trial was set for May 26, 1998. The district court judge accepted Barker's guilty plea following a proper plea colloquy under FED. R. C RIM. P. 11 on May 27, 1998. In the presentence report, the probation officer found that Barker had possessed a .9 millimeter pistol and related ammunition. He further found that Barker had four prior convictions for distribution of controlled substances. Barker's base offense level was 24. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (1997). However, because of his prior convictions, he was subject to the provisions of 18 U.S.C. § 924(e), and was therefore classified as an armed career criminal. Barker's base offense level was therefore properly enhanced to 33. See USSG § 4B1.4(b)(3)(B). The probation officer recommended a three level decrease for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), because Barker candidly acknowledged that he possessed the firearm after being convicted of a felony.

The recommended offense level was 30, which, combined with Barker's criminal offense category of VI,* yielded a guideline range of 168 to 210 months. The district court adopted the probation officer's recommendations, sentencing Barker to 180 months.

_____

*Because Barker was categorized as an armed career criminal his criminal history category is automatically VI. See USSG § 4B1.4(c).

2

In his Anders brief, Barker questions whether the district court erred in considering his multiple convictions from a single trial as separate convictions for sentencing purposes. Under § 924(e)(1) a defendant is subject to an enhanced sentence if the instant offense of conviction is a violation of § 922(g) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense," or both, committed on occasions different from one another. USSG § 4B1.4, comment. (n.1). Barker was convicted of a drug distribution charge on August 11, 1986. In addition, at a trial held on July 8, 1986, he was convicted of three separate counts of drug distribution. Under Barker's argument, the three separate counts of conviction on July 8, 1986, would be counted as merely one conviction for purposes of the § 924(e). He accordingly argues that since he has only two "countable" convictions, sentencing under the provisions of § 924(e) was impermissible.

We reject Barker's argument. The offenses for which Barker was convicted on July 8, 1986, were comprised of one offense that occurred on October 31, 1985, and two offenses that occurred on November 14, 1985. Under § 924(e), the relevant inquiry for determining whether multiple convictions are separately countable is whether they arose out of "separate and distinct criminal episode[s]." United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995) (quotations and emphasis omitted). Because Barker's drug sales that led to his three convictions on July 8, 1986, occurred on two different days separated in time by two weeks, the best argument he can muster is that his July trial resulted in only two "countable" convictions. See United States v. Hobbs, 136 F.3d 384, 388-90 (4th Cir. 1998) (holding that robberies committed within one hour of each other by the same defendant to be separate convictions). However, even accepting without deciding that Barker's three actual convictions on July 8, 1986, merged into two "countable" convictions under § 924(c), when these two convictions are coupled with the additional conviction on August 11, 1986, it is plain that the district court did not err in its application of § 924(e) and USSG § 4B1.4.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

3

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED